# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NETZA HERRERA, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:20-cv-01179 |
| GREENSKY, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## **COMPLAINT**

**NOW COMES**, Netza Herrera ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of the Defendant, GreenSky, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. The Court has supplemental jurisdiction over the state law claim under 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of Illinois, Defendant conducts business in the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 47 U.S.C. §153(39).

5. Defendant is a financial service company with its principal office located at 5565 Glenridge Connector, Suite 700, Atlanta, Georgia 30342.

6. Defendant acted through it agents, employees, officers, members, directors, heirs, successors, vendors, assigns, principals, trustees, sureties, subrogees, vendors, third-party contractors, representatives, and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. In July 2019, Plaintiff returned a defective tool he bought from Mac Tools.

8. Plaintiff returned the defective tool in accordance with Mac Tools' return policy.

9. In August 2019, Defendant began placing unsolicited phone calls to Plaintiff's cellular telephone number (630) XXX-0168 to attempt to collect on an alleged debt for the tool Plaintiff had previously returned ("alleged debt").

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of his cellular telephone number ending in 0168.

11. Soon after the phone calls began, Plaintiff answered a phone call from Defendant. Defendant informed Plaintiff that it was attempting to collect upon the alleged debt.

12. Plaintiff demanded that Defendant stop calling him and informed Defendant that the alleged debt was not valid since he returned the tool in accordance with Mac Tools' return policy.

13. Notwithstanding Plaintiff informing Defendant that its phone calls are unwelcome and the debt was invalid, Defendant continued to call Plaintiff on his cellular phone.

14. Plaintiff again answered the phone and requested that the calls cease during multiple telephone calls with Defendant thereafter.

15. In the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

16. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

17. The phone numbers that Defendant most often uses to contact Plaintiff are (312) 535-6986, (312) 392-5963, (312) 535-6876, (855) 849-0088, and (855) 399-0600, but upon information and belief, it may have used multiple other phone numbers to place phone calls to Plaintiff's cellular phone number without his consent.

## DAMAGES

18. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

19. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

20. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

21. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

24. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

25. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

26. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

27. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between August 2019 and the present day, using an ATDS without his prior consent.

28. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

29. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

30. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

31. Defendant, through its agents, representatives, vendors, subsidiaries, third party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

32. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff NETZA HERRERA respectfully prays this Honorable Court for the following relief:
   a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
   b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
   c. Enjoining Defendant from further contacting Plaintiff; and
   d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

33. Plaintiff restates and reallages paragraphs 1 through 32 as through fully set forth herein.

34. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful

> whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

35. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/(c) and (e) respectively.

36. Defendant is engaged in commerce in the State of Illinois with regard to Plaintiff and the alleged debt. Defendant is in the business of collecting debts, which is an activity within the stream of commerce and utilized in its regular course of business.

37. Defendant violated 815 ILCS 505/2 by engaging in unfair and deceptive acts in its attempts to collect the subject debt from Plaintiff.

### a. Unfairness and Deception

38. It was unfair for Defendant to seek to collect the alleged debt when Plaintiff did not owe the alleged debt.

39. Defendant has bullied Plaintiff into near submission via unfair conduct through its harassing phone calls.

40. Defendant's unfair collection efforts are against public policy, immoral, unethical, and oppressive.

41. As pled above, Plaintiff was severely harmed by Defendant's unfair conduct.

42. Upon information and belief, Defendant systematically attempts to collect accounts from consumers when they do not owe a debt.

43. Upon information and belief, attempting to collect non-defaulted accounts from consumers is an unfair business practice willfully employed by Defendant and is done on a broad scale.

44. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

45. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of the Plaintiff and consumers, generally.

**WHEREFORE**, Plaintiff, NETZA HERRERA, requests that this Honorable Court:

a. Enter judgment in his favor and against Defendant;
b. Award Plaintiff his actual damages in an amount to be determined at trial;
c. Award Plaintiff punitive damages in an amount to be determined at trial;
d. Award Plaintiff his reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: February 18, 2020 Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com